*91 OPINION.
TRtjssell:
The original petition in Docket No. 10597 recited that the years under consideration were 1917 and 1918. The context in which these figures were used with references to the deficiency letter, and a copy of the deficiency letter attached to the petition, all made it plain that the years for which the petitioner was appealing to this Board were the years 1918 and 1919. This is so apparent that to our mind no one reading the petition and the deficiency letter could have been misled on account of the recital of the years in question. It is plain from the respondent’s answer that the respondent was in no way misled by the erroneous recital. We are, therefore, of the opinion and have held, that the petitioner’s request to amend the petition should have been, as it was at the trial, granted as a matter of course, and that the Board acquired jurisdiction of the deficiency for the year 1919 by virtue of the original petition.
The record of this case contains convincing evidence that the petitioner’s capital accounts so far as they involved the construction of its new lumberyards and properties in the years 1911 and 1912, were incomplete and that much of the material and labor which then went into permanent improvements was incorrectly charged to expense. In so far as the evidence has identified these charges to expense they have been restored to capital account as recited in the findings of fact.
The record contains much testimony offered to prove a March 1, 1913, value of plant and equipment. A retrospective appraisal showing a detailed and valued inventory was received and the testimony of four capable men having experience as builders and appraisers was also received. This testimony varied according to the witnesses in total valuations ranging from $250,000 to more than $270,000, and, while we may not doubt that all of this testimony was offered in good faith, we can not overlook the fact that these properties were acquired one and two years prior to March 1, 1913, *92 and that the spread between the proven cost and the values testified to by the witnesses is so great that it relieves the opinion testimony of much of the weight that it might otherwise have had. We are of the opinion that the corrected costs as set forth in the findings of fact are the substantial equivalent of the March 1, 1913, value.
No testimony was introduced in support of petitioner’s claim for relief under section 328 of the Revenue Act of 1918. The deficiencies must therefore be determined without resort to the provisions of that section.
The deficiencies may be redetermined in accordance with the foregoing fundings of fact and opinion on 15 days’ notice, pursuant to Rule 50, and judgment will be entered accordingly.